IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| JONATHAN LEE CHILDS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | NO. 3:11-CV-75-CAR-CHW |
| VS. | : | |
| | : | |
| BARRY HASTON, Sheriff, et al., | : | |
| | : | |
| Defendants. | : | |

## ORDER & RECOMMENDATION

Plaintiff **JONATHAN LEE CHILDS,** a prisoner at Ware State Prison in Waycross, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. In his Complaint, Plaintiff alleges that, while in custody in Elbert County Jail, a sergeant forced him into a "restraint chair" and tasered him repeatedly in the back of the neck in retaliation for Plaintiff's complaint about being denied food. Plaintiff alleges that the event was witnessed by multiple officers and videotaped and that he was forced to remain in the restraint chair for an extended period of time and denied needed medical attention. Plaintiff named six Defendants in his original Complaint: Sheriff **Barry Haston**, Undersheriff "**John Doe**," Jail Administrator **Major Mike Thompson**, Sergeant "**John Doe**," Sergeant **Steve Green**, and Officer "**Jane Doe**."

After an initial review, the Court ordered Plaintiff to supplement his Complaint

by describing the specific actions taken by each of the named Defendants or the duties they failed to perform that allegedly violated his constitutional rights. Plaintiff was also directed to identify the John Doe and Jane Doe Defendants with as much detail as possible so that they could be identified for service.

Having now reviewed both Plaintiff's Complaint [Doc. 1] and Supplement [Doc. 9] pursuant to 28 U.S.C. § 1915A, the Court finds that Plaintiff sufficiently states a claim against **Sergeant Chris Turman, a.k.a. "Shooter,"** for alleged violations of his Eighth Amendment rights. That claim will be allowed to proceed beyond the frivolity review stage. It is **RECOMMENDED**, however, that all other claims and named Defendants be **DISMISSED** from this action for failure to state a claim under 28 U.S.C. § 1915A(b)(1).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant

fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). See also 28 U.S.C. §1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in §1915A "shall" be dismissed on preliminary review).

**STATEMENT AND ANALYSIS OF CLAIMS**

At the time of the events giving rise to the present Complaint, Plaintiff was being held at the Elbert County Jail in Elberton, Georgia. According to the Complaint, Plaintiff was denied food after being booked and placed into a holding cell. Plaintiff accordingly confronted **Sergeant Chris Turman, a.k.a. "Shooter,"** (previously identified as "Sergeant John Doe" and "Sergeant Chris Doe") "about chow" and an argument ensued. Sergeant Turman then allegedly forced Plaintiff into a "restraint chair" and tasered him repeatedly in the back of the neck in retaliation for Plaintiff's complaint about being denied food. Plaintiff claims that, during the incident, Sergeant Turman "was yelling, 'Shut the hell up.'" Plaintiff further alleges that the event was witnessed by multiple officers and videotaped and that he was forced to remain in the restraint chair for an extended period of time and denied needed medical attention. Plaintiff does not identify which officers allegedly witnessed the events; nor does he allege how he was denied medical attention.

Plaintiff's Complaint, even when read in conjunction with the Supplement, also fails to make any allegations of wrongdoing against **Officer Jane Doe** (now identified as "Amy" and "the only female offer on staff"). Though it seems that Officer Jane Doe has now been sufficiently identified, Plaintiff has still failed to state any claim against her. The United States Court of Appeals for the Eleventh Circuit has held that a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendants with the alleged constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint

state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Because Plaintiff fails to make any allegations against Defendant **Officer Jane Doe**, it is **RECOMMENDED** that she be **DISMISSED** from this action pursuant to 28 U.S.C. §1915A(b)(1).

In his Supplement, Plaintiff also indicates that he intended to name an unknown "Medical Doctor" as a defendant. To the extent Plaintiff has attempted to state an Eighth Amendment claim for denial of medical care against "Medical Doctor," it is **RECOMMENDED** that this Defendant be **DISMISSED** as well. Neither the Complaint nor the Supplement contains any allegations against "Medical Doctor."

The Complaint likewise includes no allegations to support a claim for denial of medical care against any other Defendant. To state a cognizable claim for inadequate medical treatment, a plaintiff must allege acts or omissions amounting to deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 106 (1976). These allegations must satisfy both an objective and subjective component. Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994), *overruled in part on other grounds by* Hope v. Peltzer, 536 U.S. 730, 739 (2002). To survive a frivolity review, a plaintiff first must allege that he has an objectively serious medical need which poses a substantial risk of serious harm if left unattended. Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000). A medical need is serious if it has been diagnosed by a doctor as mandating treatment or is so obvious that even a layperson would recognize the necessity for a doctor's attention. Hill, 40 F.3d at 1187. The allegations in the complaint must also suggest that the defendant had subjective knowledge of a risk of serious harm to the plaintiff and disregarded that risk. Bozeman v. Orum, 422 F.3d 1265, 1272 (11th

Cir. 2005). Inadvertence or mere negligence in failing to provide adequate medical care does not rise to a constitutional violation. Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). "[M]edical treatment violates the Eighth Amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991).

Here, Plaintiff merely alleges that he was "denied needed medical attention." He does not provide any information about the severity of his injuries or how he was denied medical attention. These slim allegations are certainly insufficient to state a cognizable claim for inadequate medical treatment against any Defendant. See Hill, 40 F.3d at 1186. Accordingly, it is further **RECOMMENDED** that any Eighth Amendment claim for denial of medical care be **DISMISSED** for failure to state a claim.

Plaintiff further fails to state any cognizable claim against Sheriff **Barry Haston**, Undersheriff "**John Doe**," Jail Administrator **Major Mike Thompson**, or Sergeant **Steve Green**. In his Supplement, Plaintiff asserts that these individuals "were all supervisors at the time of the incident" and were all "given the opportunity to resolve Plaintiff's complaints through the inmate grievance process" but failed to do so. According to Plaintiff, these officials engaged in "a conspiracy" to violate the grievance policies and procedures to cover up the civil rights violations.

As Plaintiff was previously warned, wardens and other supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates merely because of their position or supervisory responsibilities. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). To state a viable claim against a supervisory official, a prisoner must allege that the supervisor personally participated in the alleged constitutional violation

or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. See id. Plaintiff has failed to do so here.

At best, Plaintiff alleges that these prison officials wrongly denied his grievances. The mere fact that a prison official denies a grievance is insufficient to impose liability under § 1983. See Larson v. Meek, 240 Fed. Appx. 777, 780 (10th Cir. 2007) ("denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations"); Baker v. Rexroad, 159 Fed. Appx. 61, 62 (11th Cir. 2005) (per curiam); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999). Furthermore, even if Defendants did mishandle Plaintiff's grievances, prisoners have no constitutionally protected interest in the inmate grievance procedure. Baker v. Rexroad, 159 Fed. Appx. 61, 62 (11th Cir. 2005); Wildberger v. Bracknell, 869 F.2d 1467, 1467-68 (11th Cir. 1989). Therefore, a prison official's failure to properly process or respond to a grievance or appeal of a grievance is not actionable under 42 U.S.C. § 1983.

For these reasons, the Court finds that Plaintiff has failed to state a cognizable Eighth Amendment claim against Sheriff **Barry Haston**, Undersheriff "**John Doe**," Jail Administrator **Major Mike Thompson**, or Sergeant **Steve Green**. It is, therefore, **RECOMMENDED** that these claims and Defendants be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

Accordingly, the only remaining Defendant is **Sergeant Chris Turman**. It is apparent from the Complaint that Plaintiff has attempted to state an Eighth Amendment claim for excessive force against this Defendant. The Eighth Amendment "prohibits the unnecessary and wanton infliction of pain, . . . the infliction of pain totally without penological justification . . . , [and] the infliction of punishment grossly disproportionate

to the severity of the offense." Ort v. White, 813 F.2d 318, 321 (11th Cir. 1987). To state an excessive force claim, however, a plaintiff must allege conduct by the defendant that was objectively "harmful enough" to establish a constitutional violation and that the defendant "act[ed] with a sufficiently culpable state of mind," i.e., that he acted "maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7-8, 112 S. Ct. 995, 117 L.Ed.2d 156 (1992). The law requires courts to consider "the need for the application of force; the relationship between the need and the amount of force that was used; and the extent of the injury inflicted upon the prisoner." Brown v. Smith, 813 F.2d 1187, 1188 (11th Cir. 1987). A plaintiff, therefore, can establish an Eighth Amendment violation even in the absence of serious or significant injury. Hudson, 503 U.S. at 9. The degree of injury received is merely relevant in determining whether more than *de minimis* force was used by officers. See id. at 10.

Based on the allegations made in his Complaint and the Supplement thereto, the Court finds that Plaintiff has stated an excessive force claim against **Sergeant Chris Turman** sufficient to survive a frivolity review. Though the extent of Plaintiff's injuries in this case are unclear, Plaintiff does allege that Sergeant Turman forced him into a "restraint chair" and tasered him repeatedly in the back of the neck in retaliation for Plaintiff's complaint about being denied food. Under the circumstances, it appears that the use of force may have been excessive and/or unwarranted and that Sergeant Turman acted "maliciously and sadistically to cause harm" and without penological justification. Plaintiff's Eighth Amendment claim based upon **Sergeant Chris Turman's** alleged use of excessive force will be allowed to go forward.

## CONCLUSION

Accordingly and in light of the liberal construction this Court is required to give *pro se* pleadings, the Court finds that Plaintiff has stated an excessive force claim against **Sergeant Chris Turman**. This claim will be allowed to go forward. For the reasons stated above, however, that the Court finds that Plaintiff failed to state cognizable Eighth Amendment excessive force claims against Defendants **Officer Jane Doe**, Sheriff **Barry Haston**, Undersheriff "**John Doe**," Jail Administrator **Major Mike Thompson**, or Sergeant **Steve Green**. It is thus **RECOMMENDED** that these claims and Defendants be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). It is further **RECOMMENDED** that any Eighth Amendment claims based on a denial of medical care and the newly added Defendant "**Medical Doctor**" likewise be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this order.

Because the Court finds that Plaintiff state an Eighth Amendment claim against **Sergeant Chris Turman**, this action shall go forward, but only against this Defendant for the claim identified herein. The Clerk is accordingly **DIRECTED** to correct the caption of the Complaint to show **Sergeant Chris Turman** as the party defendant in lieu of "**Sergeant John Doe**."

This Court previously granted Plaintiff's Motion to Proceed *in forma pauperis*. Plaintiff is, nonetheless, still obligated to pay his filing fee, as discussed later in this Order and Recommendation. The Clerk is thus also **DIRECTED** to send a copy of this Order and Recommendation to the business manager of the facility where Plaintiff is currently incarcerated.

It is further **ORDERED** that service be made against Defendant **Sergeant Chris Turman** and that he file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant is reminded of their duty to avoid unnecessary service expenses and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d). **Both parties shall further take note of the rules and requirements discussed below.**

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to

diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided

prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

**IT IS HEREBY ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.  This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first).   The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.   No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party.   The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party.   No party shall be required to respond to any requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

**IT IS FURTHER ORDERED AND DIRECTED** that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until

said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED**, this 12th day of August, 2011.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge