IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| JONATHAN LEE CHILDS, | : | |
| Plaintiff, | : | |
| VS. | : | NO. 3:11-CV-75 (CAR) |
| CHRIS THURMAN, | : | |
| | : | Proceedings Under 42 U.S.C. § 1983 |
| Defendant. | : | Before the U.S. Magistrate Judge |

## RECOMMENDATION

This matter is before the Court on Plaintiff Jonathan Lee Childs Motion for Default Judgment. Doc. 19. Following the Clerk's entry of default against Defendant Chris Thurman and testimony from both parties regarding the issue of damages, it is hereby **RECOMMENDED** that Plaintiff's Motion for Default Judgment be **GRANTED**, and that Plaintiff be **AWARDED** a total sum of **$5,041.00** in damages.

PROCEDURAL HISTORY

On April 7, 2011, Plaintiff Jonathan Lee Childs filed the instant action pursuant to 42 U.S.C. § 1983 alleging that Defendant Chris Thurman used excessive force against him when Defendant forced Plaintiff into a restraint chair and repeatedly tasered Plaintiff in the back of the neck. Doc. 1. Plaintiff's complaint also named five other defendants. Following a frivolity review pursuant to 28 U.S.C. § 1915A, the Court found that Plaintiff's only cognizable claim was an excessive force claim against Defendant. Doc. 10. On September 8, 2011, Defendant executed a waiver of service. Doc. 14. After Defendant failed to answer the Complaint, Plaintiff filed the instant Motion for Default Judgment on April 18, 2012. Doc. 19. On April 19, 2012, the

Clerk entered default against Defendant. On May 23, 2012, the case was called for a hearing to determine the issue of damages.

## DISCUSSION

Following testimony from both parties and the consideration of additional evidence presented by Plaintiff, the Court finds that Plaintiff is entitled to $750.00 in compensatory damages for pain and suffering, $3,291.00 in attorney's fees, and $1,000.00 in punitive damages.

The effect of the entry of a default is that all of the factual allegations in the complaint are taken as true, except for the amount of unspecified damages. The entry of default therefore establishes liability if liability is well-plead in the complaint. Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir.1987). A court may enter a default judgment only if the factual allegations of the complaint provide a sufficient legal basis for entry of a default judgment. Nishimatsu Constr. Co. v. Houston National Bank, 515 F.2d 1200, 1206 (5th Cir.1975). If the amount of damages sought is not specified in the complaint, the plaintiff must prove the unliquidated sums, in a hearing on damages or otherwise. F. R. Civ. Pro. R. 55(b)(2).

The evidence shows that on April 20, 2009, Defendant placed Plaintiff in a restraint chair and tasered him repeatedly in the back of the neck while Plaintiff was incarcerated at the Elbert County Jail. Defendant was subsequently terminated from his employment at the Elbert County Jail and prosecuted based on the incident. Although there is some dispute as to the events leading up to the incident, Defendant admitted that his use of the taser was not warranted in the circumstances and expressed remorse for his actions.

Plaintiff testified that he received medical treatment at the jail but still suffers from anxiety and nightmares stemming from the incident. Plaintiff was represented by counsel at the hearing, and counsel submitted that he worked sixteen hours on the case. Counsel's work

included filing pleadings, communicating with the jail, subpoenaing records, and preparing for the hearing.

Defendant testified that he had been out of work for an extended period of time following the incident. In late 2011, Defendant obtained employment working as a welder. Defendant currently works as a welder and makes approximately $32,500.00 annually. Defendant currently supports himself and his wife. Defendant stated that he did not obtain a lawyer for the hearing because he was unable to afford one.

Based on the testimony presented, it is recommended that Plaintiff be awarded $750.00 in compensatory damages for the pain and suffering Plaintiff experienced when he was strapped down to a chair and repeatedly tasered. No compensatory damages for medical bills are necessary because all medical care was provided by the jail. The evidence does not indicate that Plaintiff required significant medical care or suffered any lasting injury from the incident. It is further recommended that Plaintiff receive $3,291.00 in attorney's fees, based on counsel's reasonable hours spent on the case at an hourly rate of $200.00.[1] Finally, it is recommended that Plaintiff receive $1,000.00 in punitive damages. The award of punitive damages is calculated both to address the malicious nature of Defendant's actions and to deter other prison officials from acting in such a manner in the future. The Court has taken into account Defendant's financial situation when determining the amount of punitive damages.

## CONCLUSION

For the reasons stated above, it is hereby **RECOMMENDED** that Plaintiff's Motion for Default Judgment be **GRANTED** and that Plaintiff be awarded a sum of $5,041.00 in damages. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this

---

[1] The attorney's fees award also includes $91.00 for mileage reimbursement.

recommendation with the district judge to whom this case is assigned, within fourteen (14) days after being served with a copy thereof.

    **SO RECOMMENDED**, this 14th day of June, 2012.

                                                 s/ Charles H. Weigle_____
                                                 Charles H. Weigle
                                                 United States Magistrate Judge